IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § § § § § § § | CASE NUMBER: 18-33201 |
| CHRISTOPHER GAVIN MIDDLETON, | CHAPTER 13 |
| Debtor. | |

### AGREED ORDER RESOLVING DEBTOR'S MOTION FOR TURNOVER

Comes Now, Debtor, Christopher Gavin Middleton ("**Debtor**") by and through his counsel of record, Kyle Kenneth Payne, Esq. of Payne & Associates, PLLC and Secured Creditor BSI Financial Services Inc. servicer for U.S. Bank National Association, as Trustee of the Cabana Series III Trust ("**Secured Creditor**") by and through its attorney of record, Chase Berger, Esq. of GHIDOTTI | BERGER LLP, agree to all maters contained in the pleadings and ask the Court to enter this Agreed Order and Stipulation evidencing the terms of their agreement.

### RECITALS

1. On June 11, 2018, Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code, Petition No. 18-33201.

2. On July 9, 2002, Debtor executed a Promissory Note ("**Note**") in the original principal amount of $110,000 secured by an agreed first priority Deed of Trust ("**Deed of Trust**") against the Property commonly known as 4715 Bayou Vista Dr., Houston, TX 77091 ("**Property**"), and more specifically described as:

LOT TWENTY (20), IN BLOCK SEVEN (7), OF THE CANDLELIGHT OAKS, SECTION TWO (2), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 162 PAGE 137 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS

3. Section 5 of the Deed of Trust relating to Property Insurance states in its terms:

   "unless lender and borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and lender's security is not lessened.  During such repair and restoration period, lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to lender's satisfaction, provided that such inspection shall be undertaken promptly.  Lender may disburse proceeds for the repairs and restoration in a single payment or a series of progress payments as the work is completed…."

4. Movant is the current owner of the Note and is in possession of the original Note.

5. On August 17, 2018, Secured Creditor's predecessor in interest, NRZ Passthrough Trust X, filed a Proof of Claim in the amount of $114,722.84 with pre-petition arrearages of $38,233.01.  Said claim is Number 6 on the Claims Register.

6. On January 24, 2019, a Notice of transfer of Claim was filed reflecting Secured Creditor as Transferee.

7. On November 2, 2020, Debtor filed an Emergency Motion for Turnover relating to insurance proceeds paid to BSI.  Debtor would like the funds to complete repairs needed following flood damage from Tropical Storm Imelda.

8. Debtor's Property Insurance claims to date have been made against Secured Creditor's forced placed insurance policy and are detailed as follows:

   a. Claim ELR 405099 for a loss date of 8/25/2017.  Total funds deposited to lender on 11/16/2018 in the amount of $19,214.78.  A disbursement was made to Debtor on 6/18/2019 in the amount of $9,607.39 (in only half amount pending ending final inspection as repairs were not complete).  A second disbursement was made on 11/20/2019 in the amount of $9,607.39 (as

  approved exception without inspection as a new storm had destroyed the partial repairs made).

 b. Claim ELR 535328 for a loss date of 9/19/2019. Total funds deposited to lender on 2/28/2020 in the amount of $29,054.47. Adjuster's report indicates $32,222.40 in damages minus recoverable depreciation and deductible.

9. The Parties have met and conferred and agree as follows.

## STIPUILATION

1. <u>Incorporation</u>.   The recitals contained above are incorporated herein by this reference.

2. <u>Validity of Claims</u>.   The Debtor hereby acknowledges and agrees that the Debtor is liable to Secured Creditor in the amounts stated in Secured Creditor's proof of claim and the Deed of Trust terms relating to Insurance Proceeds are valid and binding.

3. <u>Amount of Proceeds</u>.  The Parties agree that Secured Creditor is currently holding $29,054.47 in insurance proceeds relating to the Claim ELR 535328 (the "Proceeds").

4. <u>Disbursement of Funds</u>.   Upon the entry of the Approval Order, Secured Creditor and Debtor agree to the following:

 a. Pursuant to the terms of the Deed of Trust, Secured Creditor elects to distribute Proceeds in a series of progress payments rather than lump sum.

 b. Secured Creditor shall make an initial disbursement of the Proceeds in the amount of $5,000.00 to the Debtor within fifteen (15) days of the Order Approving Stipulation.

 c. Debtor shall provide invoices for all repair work done to the Property paid with or intended to be paid by the Proceeds within thirty (30) days of request by Secured Creditor.

    d. Debtor shall make the premises available for inspection of work being performed and/or completed upon ten (10) days' notice from Secured Creditor and coordination by Debtor and Secured Creditor's representative.

    e. Future requests for disbursement shall be made to Secured Creditor at the following:

        (1) Phone:

            Toll-Free: (833) 403-2963

           Fax: (888) 836-1067

        (2) Email and Website:

           lossdraftdocs@swbc.com (English)

           lddocs@swbc.com (Spanish).

           <u>Website</u>: www.losstrak.com/ lossdrafts

        (3) Mail:

           <u>Standard</u>: Loss Drafts, PO Box 790088, San Antonio, TX 78279-0088

           <u>Overnight</u>: Loss Drafts, 84500 Lockhill- Selma Road Ste. 100, San Antonio, TX 78249

        (4) Debtor may also contact Secured Creditor's Counsel of Record: Chase Berger (attn: Erica Loftis) at Ghidotti | Berger, 1920 Old Tustin Ave., Santa Ana, CA 92705, bknotifications@ghidottiberger.com.

        (5) Requests shall be acknowledged by Creditor and/or Secured Creditor's Counsel of Record within fifteen (15) days.

    f. <u>Default</u>. In the event of any future default on any of the provisions of this Stipulation by either party, the party asserting default shall provide written notice via first class mail to offending party and their attorney of record, indicating the nature of the default.

      (1) Offending party will have thirty (30) calendar days to cure the default.

      (2) If offending party fails to cure the default, then it shall be deemed a material default of this Stipulation ("Material Default").

      (3) In the event of a Material Default of Debtor while the bankruptcy case is pending, Secured Creditor shall be entitled to retain and apply the balance of Proceeds.

      (4) In the event of a Material Default of Secured Creditor while the bankruptcy case is pending, Debtor shall be entitled to refile its motion for turnover on emergency basis.

      (5) In the event of Material Default after the case has discharged, either party shall be entitled to exercise its state law remedies without further notice or order of the court.

    g. **Remaining Amounts.**  In the event funds remain following Debtor's submitted claims, any remaining funds are the property of Secured Creditor and may be applied to the loan pursuant to the Note and Deed of Trust.

Signed:

_____
Marvin Isgur
United States Bankruptcy Judge

AGREED TO and APPROVED BY:

| | |
|---|---|
| /s/ *Kyle Payne*_____ | /s/ *Chase Berger*_____ |
| Kyle Kenneth Payne | Chase Berger, Esq., SBN: 24115617 |
| Payne & Associates, PLLC | Ghidotti \| Berger |
| State Bar No. 24083637 | State Bar No. 24115617 |
| 1225 North Loop West, Ste. 550 | 600 E John Carpenter Fwy., |
| Houston, TX 77008 | Irving, TX 75062 |

Tel: 713-228-0200                                    Tel: (949) 427-2010
Fax: 713-588-8750                                    Fax:  (949) 427-2732

COUNSEL FOR DEBTOR                                   COUNSEL FOR SECURED CREDITOR

AGREED ORDER AND STIUPLATION RESOLVING DEBTOR'S MOTION FOR TURNOVER